**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1361**

ACIE LYONS,

               Plaintiff – Appellant,

      v.

ERIC K. SHINSEKI, Secretary of the Department of Veterans
Affairs,

               Defendant – Appellee.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    William D. Quarles, Jr., District
Judge.  (1:08-cv-02532-WDQ)

Submitted:  October 31, 2011      Decided:  November 17, 2011

Before KING, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James L. Fuchs, Michael J. Snider, LAW OFFICE OF SNIDER &
ASSOCIATES, LLC, Baltimore, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Larry D. Adams, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Acie Lyons brought suit against the Secretary of the Department of Veterans Affairs ("Secretary") alleging violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. §§ 701-796 (West 2008 & Supp. 2011). He appeals the district court's order granting the Secretary's motion for summary judgment and dismissing his retaliation and disability-based discrimination claims. In this appeal, Lyons advances three theories of disability-based discrimination. He argues first, that he was subjected to disparate treatment; second, that his work environment was hostile; and third, that the Secretary failed to provide Lyons with reasonable accommodations based on his disability. Lyons also argues that the district court's analysis of his retaliation claims is flawed. Finding no error, we affirm.

We review de novo a district court's order granting summary judgment, "viewing the facts and the reasonable inferences therefrom in the light most favorable to the nonmoving party." Bonds v. Leavitt, 629 F.3d 369, 380 (4th Cir. 2011), cert. denied, __ U.S. __, 80 U.S.L.W. 3018 (U.S. Oct. 11, 2011) (Nos. 10-1447, 10-1497). Summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S.

2

317, 322 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). For a nonmoving party to present a genuine dispute of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

The same standards and proof scheme used to interpret violations of the Americans with Disabilities Act[1] ("ADA") are used to determine whether a violation of the Rehabilitation Act has occurred.[2] See 29 U.S.C. § 794(d) (2006); Myers v. Hose, 50 F.3d 278, 281 (4th Cir. 1995). In order to make out a prima facie case for disability discrimination under any of the theories Lyons advances, he must first establish that he is an individual with a disability. 42 U.S.C.A. § 12112; see Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n.9 (4th Cir. 2004) (hostile work environment); Rhoads v. FDIC, 257

---

[1] 42 U.S.C.A. §§ 12101-12213 (West 2005 & Supp. 2011).

[2] The ADA was amended effective January 1, 2009, after this suit was filed. See ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553. Congress did not expressly intend for these changes to apply retroactively, and so we must decide this appeal based on the law in place prior to the amendments. Landgraf v. USI Film Prods., 511 U.S. 244, 270-71 (1994).

F.3d 373, 387 n.11 (4th Cir. 2001) (failure to accommodate); Haulbrook v. Michelin N. Am., 252 F.3d 696, 702 (4th Cir. 2001) (disparate treatment).

The ADA defines disability as either: "(A) a physical or mental impairment that substantially limits one or more . . . major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (2006); see also Rohan, 375 F.3d at 273. A physical impairment is "any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more . . . body systems" including, inter alia, the musculoskeletal system. 45 C.F.R. § 84.3(j) (2010). "[A]ny mental or psychological disorder," including "emotional or mental illness" satisfies the impairment requirement. Id.

Standing alone, an impairment is not sufficient to establish a disability; the employee also must prove the impairment substantially limits a major life activity. Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999). The disability analysis is therefore "an individualized inquiry, particular to the facts of each case." EEOC v. Sara Lee Corp., 237 F.3d 349, 352 (4th Cir. 2001). The substantial limitation requirement "sets a threshold that excludes minor impairments from coverage." Heiko v. Colombo Sav. Bank, 434 F.3d 249, 257 (4th Cir. 2006). An impairment is substantially limiting when

4

it "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002).

Lyons presented evidence in the district court that he was unable to lift more than twenty to twenty-five pounds and that, for a brief time, he could not sit continuously for more than four hours. He stated that he also has impairments affecting his ability to walk, drive, concentrate, and work, and he argues that when all his impairments are considered in combination, they amount to substantial limitation in the major life activity of working.

ADA regulations and EEOC interpretative guidelines set forth a non-exhaustive list of major life activities. See 29 C.F.R. § 1630.2(i) (2011); 29 C.F.R. Pt. 1630, App. § 1630.2(i). The regulations specify, and we have suggested, that lifting is a major life activity. 29 C.F.R. Pt. 1630, App. § 1630.2(i); Williams v. Channel Master Satellite Sys., Inc., 101 F.3d 346, 349 (4th Cir. 1996), abrogated on other grounds by Baird ex rel. Baird v. Rose, 192 F.3d 462, 470 (4th Cir. 1999). In Williams, we held, "as a matter of law, that a twenty-five pound lifting limitation—particularly when compared to an average person's abilities—does not constitute a significant restriction on one's ability to lift, work, or perform any other major life

5

activity." Id. Following the Supreme Court's decision in Toyota, we clarified that, because disability determinations require individualized inquiries, our Williams decision "should not be read to create a *per se* rule that a twenty-five pound lifting restriction can *never* constitute a disability." Taylor v. Fed. Express Corp., 429 F.3d 461, 463 n.2 (4th Cir. 2005).

Lyons has failed to produce probative evidence that his inability to lift more than twenty-five pounds constitutes a substantial limitation. "[T]he manual tasks unique to any particular job are not necessarily important parts of most people's lives." Toyota, 534 U.S. at 201. Accordingly, the impact of the lifting limitation on Lyons' ability to perform the manual tasks his job duties required, standing alone, is insufficient to establish a substantial limitation on a major life activity. See id. The record is devoid of any evidence that Lyons' lifting restriction resulted in any limitation beyond difficulties in his responsibility for collecting heavy loads of soiled linen.

Lyons asserts that this court should consider the effect of his lifting restriction on his employment prospects in determining whether he is substantially limited. Although we may consider a plaintiff's employment prospects in connection with lifting restrictions, see Taylor, 429 F.3d at 464

6

(collecting cases), Lyons did not produce any evidence of this nature.

In response to the Secretary's motion for summary judgment, Lyons submitted an affidavit stating that he suffers disabilities as a result of his back injury, including "chronic fatigue and depression, and a sleep disorder as well as headaches." Lyons reported difficulties "balancing, standing, bending, and walking" and indicated that he "no longer perform[s] routine household chores such as doing dishes, laundry, dusting, vacuuming, floor cleaning, or bathroom cleaning due to symptoms." Lyons now argues that, considered together, these impairments establish a substantial limitation in the major life activity of working. However, Lyons' affidavit is the sole evidence of these impairments. Lyons' bald, self-serving assertions of disability, unsubstantiated by any documentation or other testimony, are not sufficient to create a material issue of fact as to whether he is substantially limited in a major life activity.[3] See Thompson, 312 F.3d at 649 (stating conclusory allegations and "mere

---

[3] We find unpersuasive Lyons' citation to social security disability regulations in support of the proposition that the Secretary failed in his obligation to provide a proper medical evaluation.

7

scintilla of evidence" insufficient to withstand summary judgment).

Lyons asserts that the Secretary did not contest his need to perform light duty. To the extent Lyons is arguing he was regarded as disabled, his assertion is unconvincing. Viewing the record in the light most favorable to Lyons, Jerry Diggs, the head of the section in which Lyons worked, believed that Lyons was not able to work as a sewing machine operator. However, as discussed above, the inability to perform the specific role for which one was hired is insufficient to establish a disability. See Rohan, 375 F.3d at 277 n.19; see also 29 C.F.R. § 1630.2(j)(3).

Because no reasonable fact finder could conclude that Lyons was actually disabled, regarded as disabled, or documented as disabled, we decline to reach Lyons' remaining arguments relating to his disability-based discrimination claims. We conclude that the district court did not err in granting summary judgment in favor of the Secretary with respect to these claims.

Next, we turn to the retaliation claims. Lyons argues that the district court improperly resolved disputed facts with respect to his retaliation claims. To establish a prima facie case of retaliation, Lyons must show: (1) that he has engaged in protected conduct; (2) that he suffered an adverse action subsequent to engaging in the protected conduct; and (3) that

"there was a causal link between the protected activity and the adverse action." <u>Laber v. Harvey</u>, 438 F.3d 404, 432 (4th Cir. 2006).

First, Lyons asserts that the district court improperly concluded that there was no dispute that Lyons' request for accommodation occurred after his transfer to Loch Raven. He notes that he testified that, "[i]n or around August 2003," he approached Diggs seeking reasonable accommodations "for [his] right arm and post-traumatic stress disorder."

At his deposition, Diggs testified that, when Lyons had been notified of his reassignment to Loch Raven, but before the move, he told Diggs that he had a disability and wanted reasonable accommodation. In response, Diggs provided Lyons with the forms necessary to document his disabilities and make the request. Lyons never returned the forms. In Lyons' deposition, he stated that he asked for reasonable accommodation "[i]f [Diggs] wanted me to be reassigned." Lyons later submitted an affidavit in response to the Secretary's motion for summary judgment in which he stated he sought accommodation "[i]n or around August 2003." This statement does not create a genuine issue of material of fact regarding the timing of Lyons' request for accommodation. Specifically, it does not contradict the earlier accounts, it is merely less precise. Moreover, to the extent the summary judgment affidavit is inconsistent,

9

federal courts "have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement . . . without explaining the contradiction or attempting to resolve the disparity." Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806 (1999) (collecting cases).

Next, Lyons contends that the district court impermissibly concluded that the workers' compensation program manager's decision to remove him from light duty was not influenced by Diggs' animus towards him. He argues that the district court improperly privileged Diggs' deposition testimony over that of another witness. We disagree. The district court denied this retaliation claim because "Lyons offers only his uncorroborated belief that Diggs was influencing Greenawalt; those beliefs do not create a genuine dispute about whether her decision is retaliatory." Lyons does not identify any evidence supporting an inference that Diggs influenced the program manager's decision.

Finally, Lyons contends that the district court erroneously held that too great a delay had occurred between the resolution of Lyons' EEOC complaint and his termination to support a finding that his EEOC complaint and termination were causally related. Lyons maintains that he persistently sought accommodation and always was denied, and he argues that he

10

established a substantial temporal link between his protected activity and his termination.

"[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." Price v. Thompson, 380 F.3d 209, 213 (4th Cir. 2004). Generally, however, the passage of time alone cannot provide proof of causation unless the "temporal proximity between an employer's knowledge of protected activity and an adverse employment action" was "very close." Clark Cnty Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (per curiam) (internal quotation marks omitted). Consequently, a lengthy time lapse between a protected activity and an adverse employment action can negate an inference of causal connection. Dowe v. Total Action Against Poverty, 145 F.3d 653, 657 (4th Cir. 1998).

Here, Lyons filed an EEOC complaint in 2004. He received an unfavorable final decision in October 2005, and his termination was proposed in May 2006. Although Lyons told Diggs he had a disability in 2003, he produced no evidence that Diggs knew he had sought reasonable accommodation through Tillage thereafter. Accordingly, he cannot establish the close temporal proximity necessary to prove his protected activity was the cause of his termination. See Hooven-Lewis v. Caldera, 249 F.3d

11

259, 278 (4th Cir. 2001) ("A six month lag is sufficient to negate any inference of causation."). Moreover, even if Lyons were able to demonstrate a prima facie case of retaliation as to his termination, the Secretary articulated a legitimate, non-retaliatory reason for the adverse action, specifically, Lyons' absenteeism. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 793 (1973) (outlining burden-shifting framework).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and would not aid the decisional process.

AFFIRMED

12